|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| IN RE: ELLIOTT J. SCHUCHARDT | ) | No. 3:18-MC-39 |
| | ) | |
| | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

This is an attorney disciplinary matter regarding Elliott J. Schuchardt ("Schuchardt"). On June 22, 2018, then Chief United States District Judge Thomas A. Varlan received information suggesting that Schuchardt "violated the Rules of Professional Conduct as adopted by the Supreme Court of Tennessee" or "engaged in unethical conduct tending to bring the Court or the bar into disrepute." E.D. TENN. L.R. 83.7(a). The Court issued a Show Cause Order requiring Schuchardt to demonstrate why disciplinary action should not be taken against him. [D. 7]. Upon Schuchardt's responses [D. 9, 13] and motion to vacate prior sanction orders [D. 11], the matter was referred to the Honorable H. Bruce Guyton, Chief United States Magistrate Judge, for review and recommendation. E.D. TENN. L.R. 83.7(h).

This matter is now before the Court on the Report and Recommendation ("R&R") filed by Judge Guyton [D. 14], regarding the disposition of the attorney discipline matter and Schuchardt's motion to vacate prior sanction orders [D. 11]. Schuchardt has raised eight objections to the R&R [D. 18] and has filed additional motions to unseal the case [D. 19], for oral argument [D. 20], and for a hearing [D. 21]. The R&R recommends that Schuchardt be found in violation of the Tennessee Rules of Professional Conduct and the Federal Rules of Bankruptcy Procedure. Further, the R&R recommends that this Court (1) reprimand Schuchardt for his accusations against Judge Bauknight (2) suspend Schuchardt from the practice of law in the United States District Court for

the Eastern District of Tennessee and all of its divisions and units for a period of two years, and (3) permit Schuchardt to apply to this Court for early reinstatement pursuant to several application requirements after the expiration of one year.

For the reasons that follow, the Court finds Schuchardt's objections to be without merit and all eight objections are overruled. The R&R will be adopted. Schuchardt's motion to vacate prior sanction orders will be denied. Schuchardt's motion to unseal the case will be granted. Schuchardt's motion for oral argument and a hearing was untimely, and will be denied as waived.

Further, the Court finds that Schuchardt has violated the Tennessee Rules of Professional Conduct, the Federal Rules of Bankruptcy Procedure, the Local Rules for the Eastern District of Tennessee, and has "engaged in unethical conduct tending to bring the Court or the bar into disrepute." Consequently, the Court has determined that disciplinary action is warranted.

## I.     Nature of the Proceedings

This Court has the inherent power and responsibility to oversee the conduct of attorneys that practice in the Eastern District of Tennessee. *See In re Moncier*, 550 F. Supp. 2d 768, 772 (E.D. Tenn. 2008); *see also In re Landstreet*, 490 F. App'x 698, 701–02 (6th Cir. 2012) ("The district court has inherent duty and responsibility to supervise the conduct of attorneys appearing before the court."). Attorney disciplinary proceedings are part and parcel of that solemn responsibility. "A disciplinary proceeding is neither criminal nor civil; rather, it is an investigation into the lawyer's conduct to determine whether the lawyer may continue to practice a profession that is imbued with the public interest and trust." *In re Landstreet*, 490 F. App'x at 702 (quotations omitted).

At a minimum, attorneys appearing before courts of the Eastern District of Tennessee bear the responsibility of adhering to the standards for all attorneys practicing in Tennessee. E.D. TENN.

L.R. 83.6. Even still, federal courts have their own distinct requirements and standards for attorneys appearing before them. These standards are not necessarily greater or lesser than courts of the state bar, but reflect the different nature of federal courts. To that end, "[a]ttorneys practicing law in the Eastern District of Tennessee are held to certain requirements and standards separate from those imposed by state regulatory bodies." *In re Cowan*, 620 F. Supp. 2d 867, 868 (E.D. Tenn. 2009) (citing *In re Moncier*, 550 F. Supp. 2d at 769–70). When the professional standards for Tennessee attorneys, for attorneys in the Eastern District of Tennessee, or both, are violated, this Court bears the unwelcome, but necessary, task of imposing discipline upon the offending attorney.

When discipline must be imposed, courts have inherent authority to suspend or disbar lawyers due to the lawyer's role as an officer of the court which granted admission. *In re Snyder*, 472 U.S. 634, 643 (1985). When an attorney transgresses both the standards of the bar of the Eastern District of Tennessee and the professional standards for all Tennessee attorneys without contrition, as is the case here, this Court must solemnly and soberly impose an appropriate sanction for that attorney's misconduct.

## II.     Background[1]

On August 3, 2017, Schuchardt made an allegation in open court during an August 3, 2017 hearing in the case *In re Jennifer N. Roberts*, No. 3:17-bk-31543, that the Honorable Suzanne Bauknight, Bankruptcy Judge for the Eastern District of Tennessee, had engaged in *ex parte* communications with the Chapter 13 Trustee, Gwendolyn Kerney ("Kerney"). On August 10, 2017, Judge Bauknight conducted a show cause hearing regarding Schuchardt's accusation. Prior to the hearing, Schuchardt, at Judge Bauknight's direction, filed an affidavit containing the basis

---

[1] A detailed background of the case can be found in the R&R [D. 14].

for his accusation. As a basis for his accusation, Schuchardt pointed to conversations he had with Edward Shoemaker ("Shoemaker"), Maurice Guinn ("Guinn"), and Kevin Chern ("Chern"), present and former law partners of UpRight Law, Schuchardt's firm. Likewise, Schuchardt claimed that the "odd timing" of certain orders issued by Judge Bauknight sanctioning his misconduct "created an inference that [Tiffany] DiIorio" ("DiIorio"), Trial Attorney for Region 8 of the United States Trustee Program, "and/or Kerney might be discussing issues from the [UpRight] litigation with the court."

At the hearing, Judge Bauknight stated that Schuchardt's accusation violated Tennessee Rule of Professional Conduct 8.2, but permitted Schuchardt to present evidence supporting his position. Schuchardt's first two witnesses, Shoemaker and Guinn testified to conversations that they had with Schuchardt and others related to Schuchardt's accusation against Judge Bauknight. Both contradicted certain factual assertions Schuchardt had made and interpreted the content and meaning of prior conversations differently than Schuchardt. Trustee Kerney took the stand, unequivocally denying *ex parte* communications with Judge Bauknight, and testified that she reported a previous inappropriate confrontation by Schuchardt to the clerk and deputy clerk of the Court, not Judge Bauknight. Schuchardt testified, rehashing his accusations and asserting that he had evidence to support the existence of *ex parte* communications. At the conclusion of the hearing, Judge Bauknight ordered Schuchardt to attend further professionalism training, pay for and acquire the transcripts and recordings of several hearings, and forward the transcripts and recordings to the Board of Professional Responsibility. Further, Judge Bauknight put Schuchardt on notice that continued incivility would result in further sanctions.

After a November 15, 2017 hearing in the case *In re Perry L. Dupree*, No. 3:17-bk-32158, regarding Schuchardt's fees, Judge Bauknight made a finding that Schuchardt was continuing in

inappropriate conduct. On January 9, 2018, Judge Bauknight issued a show cause order in seventeen cases outlining the Court's concern about Schuchardt's conduct and competency. Schuchardt and a United States Trustee proposed an agreement, and, after further modification, an "Agreed Order Resolving the Order to Show Cause Dated January 9, 2018" ("Agreed Order") was signed by Schuchardt and issued. The Agreed Order, dated February 9, 2018, placed a moratorium on Schuchardt's practice before the Knoxville Division of the United States Bankruptcy Court for the Eastern District of Tennessee for six months. Specifically, Schuchardt could not "undertake new representation or continue to represent any party in any bankruptcy case or proceeding currently pending or to be filed" before the Court. Likewise, if approached by clients or prospective clients, Schuchardt was directed to "immediately refer any such prospective clients to another attorney/attorneys to properly handle such matter." Certain other requirements were also imposed related to specific cases before Judge Bauknight.

In May of 2018, Judge Bauknight became aware that Schuchardt had possibly violated the Agreed Order in two cases, issuing show cause orders for Schuchardt to demonstrate why he should not be held in contempt for violating the Agreed Order. Schuchardt responded that he provided free legal advice to the two parties, but did not "represent" them as prohibited by the Agreed Order. Specifically, Schuchardt prepared the schedules and forms in *In re Tressa L. Webb*, No. 3:18-bk-31418, further advising her after the filing, and completed reaffirmation forms in *In re Jason A. & Linda C. Edington*, No. 3:18-bk-30299. Schuchardt had not referred Ms. Webb or the Edingtons to other attorneys. Schuchardt further moved to disqualify Judge Bauknight, making further accusations against Judge Bauknight, claiming that she demanded that Schuchardt withdraw a separate civil suit against Trustee Kerney and appeals of bankruptcy cases.

After the June 7, 2018 hearing, Judge Bauknight found that Schuchardt's representation of Ms. Webb and the Edingtons violated the Agreed Order, citing Tennessee Code Annotated § 23-3-101 and the Tennessee Rules of Professional Conduct. Further, Judge Bauknight found that Schuchardt's accusations in his recusal motion were additional violations of Tennessee Rules of Professional Conduct 3.3 and 8.2(a)(1). On June 20, 2018, Judge Bauknight issued an order directing Schuchardt to show cause why he should not be sanctioned for violating the Tennessee Rules of Professional Conduct and Federal Rule of Bankruptcy Procedure 9011 and engaging in the unauthorized practice of law in violation of the Agreed Order and Tennessee Code Annotated § 23-3-101.

On June 22, 2018, Judge Bauknight requested by letter that the Chief United States District Judge initiate proceedings against Schuchardt under Local Rule 83.7(b), outlining the conduct that undergirded her complaint. After reviewing the complaint, the Chief Judge found that reasonable grounds existed for further investigation, issuing a show cause order directing Schuchardt to respond to the complaint on June 29, 2018. The matter was referred to Chief United States Magistrate Judge H. Bruce Guyton to provide a report and recommendation in accordance with Local Rule 83.7(h).

On July 10, 2018, Schuchardt responded to the Show Cause Order and answered the complaint, including twenty-six exhibits. That same day, Schuchardt moved to vacate the prior sanction orders issued against him by Judge Bauknight. On August 17, 2018, Schuchardt supplemented his answer, along with another fifteen exhibits. Neither the initial answer nor the supplemental answer included a specific request for a hearing or statement declining a hearing, as required by Local Rule 83.7(e)(4). Because Schuchardt did not request a hearing under Local Rule

83.7(e)(4) and Judge Guyton determined that a hearing was not necessary under Local Rule 83.7(i), no hearing was held.

The R&R before the Court was issued on August 30, 2019. After considering the nature of the misconduct, Schuchardt's mental state and intent, the actual and potential injury of the misconduct, and aggravating and mitigating circumstances, Judge Guyton recommended that the Court reprimand Schuchardt for his accusations against Judge Bauknight, suspend Schuchardt from practicing in the Eastern District of Tennessee for two years, and permit Schuchardt to apply for early reinstatement should Schuchardt's application include evidence of reform.

On September 26, 2019, pursuant to the Court's grant of an extension of time to respond to the R&R, Schuchardt raised eight objections to the R&R. Schuchardt additionally moved to unseal the case, for oral argument on the matter, and for a hearing.

## III.    Discussion of Schuchardt's Objections

Schuchardt raises eight objections to the R&R: (1) Local Rule 83.7 is unconstitutional; (2) the R&R is insufficiently specific as to any misconduct; (3) the R&R does not explain how the Chapter 13 plan in *In re Perry L. Dupree* was non-compliant; (4) the R&R improperly finds delay in *In re Heather D. Kirkland* and *In re Roy V. Taylor*; (5) the R&R does not address evidence of *ex parte* communications by Judge Bauknight; (6) the R&R does not identify any violation of the Agreed Order; (7) the R&R recommends an apology, which is disfavored by law; and (8) the R&R does not address the appearance of impropriety by Judge Bauknight. Each will be addressed in turn.

### A.  Constitutionality of Local Rule 83.7

Schuchardt's first objection challenges the constitutionality of Local Rule 83.7 under the Fifth Amendment. Specifically, Schuchardt challenges the facial constitutionality of Local Rule

83.7 for providing procedural due process and the constitutionality of Local Rule 83.7 as it has been applied to his case.

As a court carries out attorney disciplinary proceedings, it must provide procedural due process.[2] *See In re Ruffalo*, 390 U.S. 544, 550 (1968). This means that this Court must provide attorneys notice and an opportunity to be heard. *In re Landstreet*, 490 F. App'x 698, 701–02 (6th Cir. 2012); *see also Walwyn v. Bd. of Prof'l Responsibility of the Supreme Court of Tennessee*, 481 S.W.3d 151, 170 (Tenn. 2015) (explaining that, "*In re Ruffalo* stands for the proposition that a lawyer subject to discipline is entitled to procedural due process, including notice and an opportunity to be heard.").

To provide attorneys with procedural due process during disciplinary proceedings, the Eastern District of Tennessee has adopted Local Rule 83.7. Under Local Rule 83.7, "[t]he Court may impose discipline on any member of its bar who has violated the Rules of Professional Conduct as adopted by the Supreme Court of Tennessee, or has engaged in unethical conduct tending to bring the Court or the bar into disrepute."

The Court will first examine Schuchardt's challenge to the facial constitutionality of Local Rule 83.7 and then the constitutionality of the application of Local Rule 83.7 to Schuchardt's case.

### 1. Facial Constitutionality of Local Rule 83.7

Procedural due process for attorney disciplinary proceedings requires notice and an opportunity to be heard. *In re Landstreet*, 490 F. App'x at 702.

---

[2] The general right to procedural due process is protected by the Fifth and Fourteenth Amendments. Here, the Fifth Amendment provides the applicable basis for Schuchardt's due process rights. However, this is a distinction without a difference as the procedural due process right is coextensive under either Amendment. *See Malinski v. New York*, 324 U.S. 401, 415 (1945) ("To suppose that 'due process of law' meant one thing in the Fifth Amendment and another in the Fourteenth is too frivolous to require elaborate rejection.") (Frankfurter, J., concurring).

### a. Notice

Procedural due process requires notice that is "reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Shoemaker v. City of Howell*, 795 F.3d 553, 560 (6th Cir. 2015) (quoting *Mullane v. Central Hanover Bank and Trust Co.*, 339 U.S. 306, 314 (1950)).

Local Rule 83.7 sets forth the formal process for attorney discipline in the Eastern District of Tennessee. First, formal proceedings are initiated by a show cause order by the Chief Judge, either upon the Chief Judge's initiative or upon complaint. E.D. TENN. L.R. 83.7(b). When an action is prompted by complaint, such a complaint must be detailed. A complaint must include:

> (1) The name, address, and telephone number of the complainant;
>
> (2) The specific facts that require discipline, including the date, place and nature of the alleged misconduct, and the names of all persons and witnesses involved;
>
> (3) Copies of all available documents or other evidence that support the factual allegations, including a copy of any rule or order of the Court that is alleged to have been violated; and
>
> (4) At the end of the complaint, a statement signed by the complainant under penalty of perjury that the complainant has read the complaint and the factual allegations contained therein are correct to the best of the complainant's knowledge.

*Id.* at (b)(1)–(4). If the Chief Judge finds that the complaint warrants further investigation, she may issue a show cause order to the subject of the complaint, along with all accompanying documents. *Id.* at (b), (c).

As this is a pre-deprivation process, all documents are kept under seal to preserve the attorney's reputation pending adjudication as "a lawyer's professional reputation is his stock in trade, and blemishes may prove harmful in a myriad of ways." *In re Moncier*, 550 F. Supp. 2d 768, 774 (E.D. Tenn. 2008) (citations omitted). The Chief Judge may impose interim suspension

on an attorney's rights to practice in this Court only in exceptional circumstances.  E.D. TENN.

L.R. 83.7(c)(5).

        After a show cause order is issued, the respondent has 21 days to file a response. *Id.* at (e).

That response must include:

> (1)  The name, address and telephone number of the respondent.
>
> (2)  A specific admission or denial of each of the factual allegations contained in the complaint and order to show cause and, in addition, a specific statement of any facts on which respondent relies, including all other material dates, places, persons and conduct relevant to the allegations of the order.
>
> (3)  All documents or other supporting evidence not previously filed with the complaint or order that are relevant to the charges of alleged misconduct.
>
> (4)  A specific request for a hearing or a statement specifically declining a hearing.
>
> (5)  A statement signed by the respondent under penalty of perjury indicating that the respondent has read the response and that, to the best of respondent's knowledge, the facts alleged therein are correct.

*Id.* at (e)(1)–(5).  Lastly, the Local Rule enumerates that "[d]iscipline which may be imposed

includes disbarment, suspension, reprimand, or such other further disciplinary action as the Court

may deem appropriate and just." *Id.* at (a).

        This detailed, rigorous process has been established to ensure that attorneys have clear,

specific notice of their offenses and the chance to meet them.  Further, should an attorney's

response disclose that the complaint is meritless, the Chief Judge may dismiss the matter, much

like ruling on a motion to dismiss in the civil context.  *See id.* at (f).  In short, the process set forth

in Local Rule 83.7 is "reasonably calculated, under all of the circumstances, to apprise interested

parties of the pendency of the action and afford them an opportunity to present their objections." *Shoemaker*, 795 F.3d at 560.

### b. Opportunity to be Heard

Procedural due process requires an opportunity to be heard. In the attorney discipline context, the Sixth Circuit has construed this requirement to mean that "courts must provide 'ample opportunity . . . to show cause why an accused practitioner should not be disbarred.'" *In re Cook*, 551 F.3d 542, 549 (6th Cir. 2009) (quoting *Theard v. United States*, 354 U.S. 278, 282 (1957)).

In addition to the aforementioned response to a show cause order, Local Rule 83.7 requires attorneys to specifically request or decline a hearing. E.D. TENN. L.R. 83.7(e)(4). A hearing shall be held whenever such a request is made, or when the appointed judge or judicial officer determines that a hearing is necessary. *Id.* at (i). This hearing must be noticed 21 days in advance, overseen by a judicial officer with authority to resolve procedural disputes, carried out confidentially to protect the attorney, and recorded in the event of subsequent review. *Id.* at (i)(1)–(2). Likewise, all testimony must occur under penalty of perjury, witnesses may be cross-examined and confronted, and respondents may be represented by counsel. *Id.* at (i)(1)–(3). Any accusation of sanctionable misconduct must be proven by clear and convincing evidence. *Id.* at (i)(4). Further, if a judicial officer is appointed pursuant to Local Rule 83.7(h), the appointed judicial officer then prepares a written recommendation, to which the respondent may then object. *Id.* at (j)(2).

In sum, not only does Local Rule 83.7 provide for notice to attorneys of the specific allegations against them and the possible penalties they may face, the Rule provides attorneys the opportunity to meet the allegations with evidence and request a hearing to do so. Local Rule 83.7 is not facially unconstitutional.

## 2. Constitutionality of Local Rule 83.7 as Applied to Schuchardt

This specific application of Local Rule 83.7 to Schuchardt has also complied with due process requirements. Nevertheless, Schuchardt challenges several aspects of the process as it has been applied to him.

First, Schuchardt construes the R&R to find that he was not *permitted* a hearing on the matter. This is false. As discussed *supra*, Local Rule 83.7(3)(4) requires respondents to include a request for a hearing or a statement declining a hearing. But neither of Schuchardt's responses complied with this requirement. It is true that the Supreme Court has "traditionally insisted that, whatever its form, *opportunity* for [a] hearing must be provided before the deprivation at issue takes effect." *Fuentes v. Shevin*, 407 U.S. 67, 82 (1972) (citing *In re Ruffalo*, 390 U.S. at 550—551) (other citations omitted) (emphasis added). However, "the hearing required by due process is subject to waiver." *Id.* (citing *Boddie v. Connecticut*, 401 U.S. 371, 378–79 (1971)); *see D. H. Overmyer Co. Inc., of Ohio v. Frick Co.*, 405 U.S. 174, 185 (1972).

Here, the Court agrees with the R&R that Schuchardt waived his right to a hearing by failing to comply with the procedures to request one. *See Lewis v. Whirlpool Corp.*, 630 F.3d 484, 490 (6th Cir. 2011) ("[D]ue process does not require a hearing, but instead an opportunity to be heard.") (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 437 (1982)); *Farhat v. Jopke*, 370 F.3d 580, 596 (6th Cir. 2004) ("[T]he availability of recourse to a constitutionally sufficient administrative procedure satisfies due process requirements if the complainant merely declines or fails to take advantage of the administrative procedure."). Schuchardt contends that he implicitly requested a hearing in his response when his first response "respectfully demand[ed] an opportunity to respond to Judge Bauknight's accusation" three times. However, Local Rule 83.7 requires "a specific request for a hearing," and Schuchardt was given a further "opportunity to

respond" through a supplemental answer to the complaint, along with additional evidence for the Court's consideration. The due process right to an opportunity to be heard does not include the opportunity to be heard *ad infinitum*.

Even without a hearing, Schuchardt cannot claim that he has not been heard. Schuchardt has been given "'ample opportunity . . . to show cause why [he] should not be'" suspended. *In re Cook*, 551 F.3d at 549 (quoting *Theard*, 354 U.S. at 282). He has filed lengthy responses and many exhibits. It is apparent that Schuchardt, an attorney who has been practicing for 28 years, only carefully reviewed the procedures for attorney discipline *after* the R&R recommended a term of suspension. However, all *pro se* parties are expected to follow this Court's local rules. E.D. Tenn. L.R. 83.13 ("Parties proceeding *pro se* shall be expected to be familiar with and follow . . . these rules"). Schuchardt's objection ultimately poses the question whether procedural due process compels the Court to grant a hearing after the responded failed to timely abide by the procedures for doing so. It does not. Schuchardt's claim that he was denied the opportunity to be heard is meritless.

Second, Schuchardt asserts that he has not had the chance to challenge the legal sufficiency of the complaint through the Federal Rules of Civil Procedure. While the Federal Rules of Civil Procedure were not utilized, procedural due process does not compel such usage. Even still, Schuchart's contention falls short. Schuchardt claims that the complaint attempts "to overwhelm Schuchardt's ability to defend this case with a blizzard of unsupported allegations." However, the allegations contained in the complaint did not appear by ambush. Schuchardt had been repeatedly made aware of each allegation raised against him by Judge Bauknight, prompting escalating sanctions. Judge Bauknight filed this complaint only after she concluded that her escalating sanctions failed to remedy Schuchardt's civility and competency issues.

Schuchardt claims that a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) would dispose of the complaint. While the R&R does recommend that no sanction be imposed for certain allegations, Schuchardt's admission of that fact belies his claim that the Local Rule 83.7 process is insufficient. Schuchardt further laments the inability to move for summary judgment under Federal Rule of Civil Procedure 56, but this process is analogous and afforded Schuchardt the same opportunity to prevail based on the undisputed evidence before the Court. *See* E.D. TENN. L.R. 83.7(f). Schuchardt decries the lack of formal discovery under Federal Rules of Civil Procedure 26 through 37, but the record is replete with transcripts, testimony under oath, documents, and more, all of which adequately addresses Schuchardt's conduct. Tellingly, Schuchardt does not seek discovery to defend his actions, but rather seeks to convert his attorney discipline matter into an inquisition of Judge Bauknight.

Lastly, the Court notes that Schuchardt expresses a belief that these proceedings are occurring because "Judge Bauknight has brought this matter, and continues to pursue it." While the complaint that prompted this matter was authored by Judge Bauknight, this independent inquiry into Schuchardt's conduct has been pursued at the direction of the Chief Judge since June 29, 2018. In this matter, Schuchardt was provided notice and an opportunity to be heard, as well as ample opportunity to challenge the legal and factual sufficiency of the complaint against him. The Court finds Schuchardt's first objection to be meritless.

### B. Failure to Specify Conduct in Violation of the Tennessee Rules of Professional Conduct

Schuchardt's second objection argues that the R&R fails to identify any specific instance of conduct that violates the rules of professional conduct, essentially as a redux to his prior due process objection. Particularly, Schuchardt lists several findings in the R&R regarding inappropriate conduct and argues that "[n]either Judge Bauknight nor Magistrate Guyton has

14

identified *any conduct* with any degree of specificity, in support of these statements." (emphasis in original). Schuchardt demands that the R&R "<u>cite to the conduct</u>, and <u>the rule of law</u> which creates an obligation to act." (emphasis in original).

However, the R&R is clear and specific in its findings. For example, Section III.A. discusses Schuchardt's inappropriate accusations against Judge Bauknight, thoroughly reviews the complaint, response, and record, and makes a finding that the accusation violated Tennessee Rule of Professional Conduct 8.2. [D. 14 at 23–25]. Section III.B. discusses Schuchardt's violations of the Agreed Order, thoroughly reviews the complaint, response, and record, and makes a finding that Schuchardt's specific actions[3] violated Tennessee Rules of Professional Conduct 3.3 and 8.4(c), along with Federal Rule of Bankruptcy Procedure 9011. [D. 14 at 25–31]. Likewise, Section III.C. discusses the many competency concerns outlined in the Show Cause Order dated June 20, 2018 [D. 14 at 32–40]. The R&R finds that some of the allegations, such as his delays in dismissing cases, failing to respond to motions, skipping hearings,[4] and intentionally failing to commit all of a client's disposable income in a Chapter 13 plan,[5] violated Tennessee Rules of Professional Conduct 3.1, 3.2, and 8.4 by clear and convincing evidence. The R&R also finds that some of the allegations, such as Schuchardt's erroneous filings due to a software glitch,[6] Schuchardt's improper filing of clients' personal information,[7] and Schuchardt's filing on behalf of UpRight after separation from the firm,[8] did *not* violate any of Tennessee's Rules of Professional Conduct by clear and convincing evidence. Apart from this, Schuchardt himself

---

[3] The R&R specifies Schuchardt's admitted actions in the cases *In re Tressa L. Webb*, No. 3:18-bk-31418, and *In re Jason A. and Linda C. Edington*, No. 3:18-bk-30299.
[4] The R&R specifies Schuchardt's actions in the cases *In re Sandra G. Brown*, No. 3:17-bk-30221, *In re Heather D. Kirkland*, No. 3:17-bk-31678, *In re Roy Taylor*, No. 3:17-bk-31918, and *In re Melissa Madden*, No. 3:17-bk-32815.
[5] The R&R specifies the actions in *In re Perry L. Dupree*, No. 3:17-bk-32158.
[6] The R&R specifies the actions in *In re Perry L. Dupree*, No. 3:17-bk-32158.
[7] The R&R specifies the actions in *In re Sandra T. Bennett*, No. 3:17-bk-332047, *In re Jennifer L. Annable*, No. 3:17-bk-30681, and *In re Troy and Ashley Sensaboy*, No. 3:17-bk-30753.
[8] The R&R specifies the actions in *In re Austin T. Roberts*, No. 3:17-bk-32376.

provided a list of the pleadings and case events related to this case, demonstrating that he was well aware of the specific conduct in question. [D. 12]. Notably, Schuchardt primarily takes issue with the specificity of the R&R's discussion of Schuchardt's competency issues, rather than the specificity of the R&R's discussion of his violations of Tennessee Rules of Professional Conduct 8.2(a)(1) and 8.4(c). Schuchardt's claims regarding the R&R's specificity are incorrect.

Schuchardt wrongly equates the R&R with a complaint in a civil action in his demand for further specificity. Instead, a complaint was filed with former Chief Judge Varlan for initial review, which incorporated by reference Judge Bauknight's June 20, 2018 order that listed each instance of misconduct. [D. 4 at ¶ 2]; *see also* E.D. Tenn. L.R. 83.7(c). Judge Varlan determined that reasonable grounds existed for further investigation and ordered Schuchardt to answer the complaint against him. [D. 7]; *see also* E.D. Tenn. L.R. 83.7(c)(2). Schuchardt responded to the complaint and Judge Varlan's order and moved to vacate Judge Bauknight's prior sanction orders. [D. 9, 11]. He later supplemented his answer. [D. 13]. Between Schuchardt's two answers and motion to vacate, he presented more than 750 pages of materials to meet the complaint against him. Schuchardt has been made aware of the specific misconduct which formed the basis for Judge Bauknight's complaint and met the complaint with voluminous filings. Schuchardt cannot now claim in good faith that he was not notified of the precise issues undergirding the R&R.

In sum, despite Schuchardt's assertions to the contrary, he was made well aware of the specific instances of misconduct of which he was accused. Rather than meet each accusation, Schuchardt merely attempted to make global denials and broad claims that he has been denied due process. The Court finds Schuchardt's second objection to be meritless.

### C. Failure to Explain Schuchardt's Non-compliant chapter 13 plan in *in re Dupree*

Schuchardt's third objection is merely a redux of his second objection as applied to the specific non-compliant Chapter 13 plan in *In re Perry L. Dupree*, No. 3:17-bk-32158. Schuchardt argues that the R&R fails to explain what case involved a non-compliant Chapter 13 plan and explain what made the plan non-compliant.

While the R&R explicitly discusses *In re Perry L. Dupree*, it makes a finding that Schuchardt intentionally "proposed a chapter 13 plan that failed to commit all of debtors' disposable income as required by 11 U.S.C. § 1325(b)(1)(B)" in order to see if the Trustee "would catch the issue." This finding comes after the R&R's discussion of Schuchardt's choice to omit a car payment from the Debtor's plan. The R&R found this intentional action to be in violation of Federal Rule of Bankruptcy Procedure 9011(b)(2), along with Tennessee Rules of Professional Conduct 3.1 and 8.4(c).

While Schuchardt did file a detailed brief advocating his interpretation of the law, the R&R considered the argument and found it unconvincing. The Court finds Schuchardt's third objection to be meritless.

### D. Improper Finding of Delay in the *Kirkland* and *Taylor* cases

Schuchardt's fourth objection challenges the finding that his method of dismissing *In re Heather D. Kirkland*, No. 3:17-bk-31678, and *In re Roy V. Taylor*, No. 3:17-bk-31918, violated a lawyer's duty to "make reasonable efforts to expedite litigation." TENN. SUP. CT. R. 8, RPC 3.2. Specifically, Schuchardt contends that his choice to dismiss these cases at their confirmation hearings, rather than filing voluntary dismissals, was due to an agreement with the Trustee in each instance. Further, he takes issue with the absence of a similar case where such an action was found in violation of Rule 3.2 or its equivalent in other jurisdictions.

Schuchardt's demand for a comparative factual scenario is not well-taken. "It is not a justification that similar conduct is often tolerated by the bench and bar." TENN. SUP. CT. R. 8, RPC 3.2 cmt 1. Because "[d]ilatory practices bring the administration of justice into disrepute . . . it is not proper for a lawyer to routinely fail to expedite litigation solely for the convenience of the advocates." *Id.* Further still, the Court is not bound to limit itself from finding fault merely because another Court has not done so in similar circumstances. The Rules of Professional Conduct in Tennessee "are not exhaustive of the ethical standards the Court expects attorneys to meet." E.D. TENN. L.R. 83.6. This is because "[t]he Court has the obligation and responsibility to interpret and apply the [Rules of Professional Conduct] and other rules and standards of conduct without being bound by the decisions of Tennessee courts, other courts, or agencies." *Id.*

Not only do such delays bring the administration of justice into disrepute, they waste judicial resources. These are two instances in a pattern of conduct. Schuchardt's *Kirkland* and *Taylor* delays, though only weeks, demonstrate Schuchardt's practice of failing to expedite litigation for his own convenience. Voluntary dismissals are not onerous filings to draft. The Court finds Schuchardt's fourth objection to be meritless.

### E. Failure to address "a vast trove" of evidence related to improper *ex parte* communications by Judge Bauknight

Schuchardt's fifth objection is that the R&R "fails to address a vast trove of direct and circumstantial evidence pointing to an appearance of *ex parte* communication between Gwendolyn Kerney and Judge Bauknight." Specifically, Schuchardt contends that the evidence that he presents and speculates he could present demonstrates that he did not knowingly or recklessly make false statements concerning a federal judge in violation of Rule 8.2. *See* TENN. SUP. CT. R. 8, RPC 8.2.

Schuchardt confuses the "reasonable attorney" objective standard used for attorney discipline in the state of Tennessee with the *New York Times Co. v. Sullivan* subjective standard for reckless disregard for the truth in the defamation context. *See Bd. of Prof'l Responsibility v. Parrish*, 556 S.W.3d 153, 166 (Tenn. 2018) ("We hold that the objective "reasonable attorney" standard is the appropriate standard to apply in a disciplinary proceeding involving an attorney's in-court speech."). The standard for whether an attorney's in-court statements are recklessly false is "what the reasonable attorney, considered in light of all his professional functions, would do in the same or similar circumstances . . . [and] focus[ing] on whether the attorney had a reasonable factual basis for making the statements, considering their nature and the context in which they were made." *Id.* (citing *Disciplinary Counsel v. Gardner*, 793 N.E.2d 425, 431 (Ohio 2003)). "It is the reasonableness of the belief, not the state of mind of the attorney, that is determinative." *Id.* (citing *Matter of Holtzman*, 577 N.E.2d 30, 34 (N.Y. 1991)).

Here, Schuchardt doubles-down (or more accurately, quintuples-down) on his accusations against Judge Bauknight. He has now asserted that Judge Bauknight engaged in improper *ex parte* communications: (1) in oral statements before the bankruptcy court; (2) in an affidavit sworn under penalty of perjury; (3) in bankruptcy court filings; (4) in his response to the complaint; and (5) here in his objections to the R&R. The "direct evidence" that Schuchardt points to is his own testimony that he exchanged various emails and phone calls with various fellow law partners, clients, and a U.S. Marshal in order to corroborate his theory that Judge Bauknight conspired against him. However, these emails and call logs only show that Schuchardt was earnest is his vain quest to vindicate his accusations against Judge Bauknight.

Schuchardt claims that "other witnesses" support Schuchardt's "version of the facts," but only quotes Maurice Guinn. The excerpt included, which came from a transcript of a hearing in

litigation involving Schuchardt's former firm, merely documents that Guinn received a phone call from DiIorio indicating that there may have been a memorandum issued to the U.S. Marshals directing them to escort Schuchardt to the courtroom due to threats made against Kerney. However, Schuchardt claims that he inferred possible improper *ex parte* communications from Chern or Guinn, who was told by DiIorio that U.S. Marshals would be escorting Schuchardt due to a memo, which may or may not have been issued by Judge Bauknight, prompted by Kerney's possible *ex parte* communication to Judge Bauknight that Schuchardt had intimidated her after a hearing. Solely based on speculation and third-hand communications, Schuchardt accused a sitting federal judge of impropriety in court. That claim has not been substantiated in any way and has now been repeated in court filings four more times.

In sum, regardless of how vehemently Schuchardt *believed* that his accusations were true, the genuineness of his feelings do "not negate the finding that he had acted with reckless disregard as to the truth or falsity of his statements." *Parrish*, 556 S.W.3d at 165 (citing *In re Disciplinary Action Against Graham*, 453 N.W.2d 313, 322–23 (Minn. 1990)). No objective "reasonable attorney" would accuse Judge Bauknight of this impropriety if they stood in Schuchardt's shoes. The R&R reviewed the voluminous filings and evidence presented by Schuchardt and found that the factual basis for his accusations was not credible. This Court has done the same and comes to the same conclusion. The Court finds Schuchardt's fifth objection to be meritless.

### F.  Failure to identify any violation of the February 9, 2019 Agreed Order

Schuchardt's sixth objection is that the R&R fails to identify a violation of the February 9, 2019 Consent Order placing a six-month moratorium on Schuchardt's representation of clients before the Knoxville Division of the Bankruptcy Court for the Eastern District of Tennessee. Specifically, Schuchardt quibbles with the R&R's interpretation of the word "represent" and

contends that the Agreed Order barring Schuchardt from representing clients before the Court is void for vagueness. In essence, Schuchardt argues that, because he did not appear before the Court or affix his name on any filings, he did not "represent" clients before the Court during the moratorium.

At the outset, the Court notes that this contention fails to address the fact that Schuchardt did not "immediately refer any such prospective clients to another attorney/attorneys to properly handle such matter" in the case *In re Tressa L. Webb*, No. 3:18-bk-31418. Ms. Webb, a client of Schuchardt's, sought his assistance in filing her bankruptcy petition, which he admittedly gave. Further, the record reflects that Schuchardt himself may have appeared at the intake counter for the clerk of the bankruptcy court and filed the documents on Webb's behalf, though he indicated that Ms. Webb was filing the case *pro se*. He provided legal advice, rather than referring Ms. Webb to other attorneys that could represent her on a compensated or pro bono basis. This alone violates the Agreed Order. Similarly, in *In re Jason A. Edington and Linda C. Edington*, No. 3:18-bk-30299, Schuchardt was directed to "immediately refer" the Edingtons "to another attorney/attorneys that can assist them with the handling of their respective case." He did not refer the Edingtons to other attorneys. This alone violates the Agreed Order. Lastly, the Agreed Order established a "Moratorium Period" of six months. A moratorium—i.e. "the suspension of a specific activity"—was imposed due to Schuchardt's unprofessional behavior. *Moratorium*, BLACK'S LAW DICTIONARY (11th ed. 2019).

In addition to his failure to abide the directive to refer the aforementioned clients to other attorneys, he also undertook to represent them. Schuchardt objects on the grounds that his "legal advice" was not "representation." Alternatively, he argues that the term "represent" is impermissibly vague, rendering this portion of the Agreed Order void. However, "[a] lawyer, as

a member of the legal profession, is a *representative* of clients, an officer of the legal system, and a public citizen having special responsibility for the quality of justice." Tᴇɴɴ. Sᴜᴘ. Cᴛ. R. 8, RPC Preamble, ¶ 2 (emphasis added). "As a *representative* of clients, a lawyer performs various functions. As an advisor, a lawyer provides a client with an informed understanding of the client's legal rights and obligations and explains their practical implications." *Id.* at ¶ 3 (emphasis added). By the plain language of the Tennessee Rules of Professional Conduct, the scope of the moratorium created by the terms of the Agreed Order was not vague. The R&R clearly identifies Schuchardt's violation of the Agreed Order and the terms of the Agreed Order are not vague. The Court finds Schuchardt's sixth objection to be meritless.

### G. Impropriety of Mandatory Apologies

Schuchardt's seventh objection is that the R&R improperly compels Schuchardt to include a copy of an apology letter to Judge Bauknight in any application he may make for early reinstatement. Schuchardt argues that "an apology is neither warranted by either the law or by morality," and that a mandatory apology is disfavored by law as a mandatory injunction.

The R&R does not recommend "ordering" Schuchardt to apologize as a sanction for his misconduct. It merely recommends that an apology be included in any application for early reinstatement during the term of Schuchardt's suspension. Such a requirement for an early reinstatement application aids the Court in discerning whether Schuchardt is contrite over his misconduct and improper accusations against Judge Bauknight. Schuchardt is not being compelled to apologize in any way and is free to serve his suspension without apology. The Court finds Schuchardt's seventh objection to be meritless.

**H. Failure to "address the significant appearance of impropriety in this case"**

Lastly, Schuchardt's eighth objection asserts that the R&R fails to address "the significant appearance of impropriety in this case," asserting that Judge Bauknight violated Canon 2 of the Code of Conduct for United States Judges. The present matter relates to Schuchardt's conduct, not that of Judge Bauknight. This objection is inappropriate for that reason alone. However, as this accusation relates to one of Schuchardt's repeated violations of the Tennessee Rules of Professional Conduct, along with the expectations of the bar of this Court, the Court will address this last objection.

Here, Schuchardt, yet again, violates Tennessee Rule of Professional Conduct 8.2(a)(1). In the midst of this Court's adjudication of *his* conduct, Schuchardt has elected to cast further unwarranted aspersions against Judge Bauknight. Schuchardt has accused Judge Bauknight of creating the appearance of impropriety. "An appearance of impropriety occurs when *reasonable* minds, with knowledge of all the relevant circumstances disclosed by a reasonable inquiry, would conclude that the judge's honesty, integrity, impartiality, temperament, or fitness to serve as a judge is impaired." Code of Conduct for United States Judges, Canon 2A (2019) (emphasis added). In his accusations against Judge Bauknight, Schuchardt stands alone. His former law partners do not corroborate his accusation. His inquisition against Judge Bauknight has produced no credible evidence. Reasonable minds would not conclude that Judge Bauknight's honesty, integrity, impartiality, temperament, or fitness to serve as Bankruptcy Judge for the Eastern District of Tennessee is impaired. Rather, Judge Bauknight has adhered to her ethical obligations by initiating this independent inquiry into Schuchardt's misconduct: "A judge should take appropriate action upon receipt of reliable information indicating . . . that a lawyer violated applicable rules of professional conduct." Code of Conduct for United States Judges, Canon 3B3 (2019).

Schuchardt, through this particular objection, highlights his attitude of entitlement and lack of self-awareness. "A lawyer should use the law's procedures only for legitimate purposes and not to harass or intimidate others." TENN. SUP. CT. R. 8, RPC Preamble, ¶ 6. Instead, Schuchardt tries to convert his attorney discipline matter into an attack on Judge Bauknight's integrity and threatens the Court with "opprobrium . . . by moving forward with this case." "A lawyer should demonstrate respect for the legal system and for those who serve it, including judges, other lawyers, and public officials." *Id.* Instead, Schuchardt demonstrates contempt for this Court's system of attorney discipline, in addition to Judge Bauknight. The Court finds Schuchardt's eighth objection to be meritless.

## IV. Motion to Vacate Prior Sanction Orders

Schuchardt has also moved to vacate three sanction orders against him, dated August 10, 2017, February 8, 2018, and June 10, 2018, under Federal Rule of Civil Procedure 60(b)(3) or (6). The R&R has recommended that the motion be denied, finding that none of the proceedings were commenced for an improper purpose and there are no reasons that justify relief from the sanctions. Schuchardt has not objected to this recommendation in form, but the Court will construe his attack on the underlying sanction orders as an objection in substance.

Relief under Rule 60(b) is "circumscribed by the interests in finality and the termination of litigation." *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007). Consequently, the moving party must "establish[ ] the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008). A Rule 60(b)(3) movant must show that the "adverse party committed a deliberate act that adversely impacted the fairness of the relevant legal proceeding," *Id.* at 455, or "some odious behavior on the part of the non-moving party." *Jordan v. Paccar, Inc.*, 97 F.3d 1452 (6th Cir.

1996). Under Rule 60(b)(6), a court may provide relief from a judgment due to "any other reason that justifies relief." FED R. CIV. P. 60(b)(6). Rule 60(b)(6) applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Blue Diamond Coal Co.*, 249 F.3d at 524 (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)). As a result, Rule 60(b)(6) will apply only in "unusual and extreme situations where principles of equity mandate relief." *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007).

Here, it appears that Schuchardt accuses Judge Bauknight of "misconduct by an opposing party" as his basis under Rule 60(b)(3) and argues that "there is no underlying basis for any of the orders" to establish a foundation for Rule 60(b)(6). At the outset, the Court notes that Judge Bauknight was the one who issued the sanction orders in each case, not an opposing party. Nevertheless, to the extent that Schuchardt accuses Judge Bauknight of misconduct, there is none to be found.

First, Judge Bauknight did not commence any of the proceedings for any improper purpose. The August 10 order in *In re Jennifer N. Roberts*, No. 3:17-bk-31543, was issued only after Schuchardt accused her of engaging in *ex parte* communications and Schuchardt failed to produce credible proof in support of the accusation. The February 9 Agreed Order, which Schuchardt signed, was issued to resolve a previous Show Cause Order in seventeen cases related to the same misconduct that brings him before this Court. The June 10 order was issued only after a hearing revealed that Schuchardt had violated the Agreed Order. None of these orders had an improper basis. While Schuchardt challenges the legal and factual sufficiency of the orders, that sufficiency has been vindicated herein.

Second, Judge Bauknight did not have an interest in the outcome of the litigation. Incredulously, Schuchardt asserts that he "did not fully litigate or appeal the first two orders" to "maintain a constructive relationship with Judge Bauknight" and "allowed her to win such litigation." Again, the Court notes that Judge Bauknight was not "litigating" against Schuchardt. The imposition of sanctions against misbehaving attorneys, such as Schuchardt, does not convert a judge into a litigant. Even more outlandishly, Schuchardt asserts that he "gave up his defamation case against Gwendolyn Kerney, his rights in two important appeals, plus thousands of dollars of fee income for no benefit at all." The natural consequences of Schuchardt's own misconduct do not render a sanction grossly inequitable, nor is the imposition of sanctions "misconduct."

In short, Schuchardt has presented no proof, let alone proof by clear and convincing evidence, that there was any misconduct or gross inequity that justifies relief from the sanction order under Rule 60(b)(3) or (6). This Court agrees with the R&R, and Schuchardt's motion to vacate will be denied.

## V. Motion to Unseal Case

Schuchardt has moved for his attorney disciplinary matter to be unsealed. In general, filings in the Eastern District of Tennessee "become part of the public record of this Court" unless "otherwise provided by statute, rule, or order. E.D. TENN. L.R. 26.2. However, "[a]ll records pertaining to attorney disciplinary proceedings, except with respect to reinstatement proceedings, [are] confidential and kept under seal in the Clerk's Office unless otherwise ordered by the Court." E.D. TENN. L.R. 83.7(b). Once this Court finds that discipline is warranted, the public interest in openness in judicial proceedings outweighs the attorney's interest in confidentiality. *See, e.g.*, *In re Landstreet*, No. 1:09-MC-2, 2009 WL 1361962, at *8 (E.D. Tenn. May 14, 2009).

Here, the Court finds that the public interest in openness now justifies the unsealing of this matter. Schuchardt's motion to unseal the case will be granted and the record will be unsealed.

## VI.    Motions for Oral Argument and a Hearing

Schuchardt has also moved for oral argument and a hearing on the matter. In support, Schuchardt asserts that he "has not yet has the opportunity to appear before" this Court and "believes that it would be useful for the parties to meet, so that the Court can personally observe Schuchardt's courtroom manner and demeanor."

While oral argument or a hearing may indeed allow observation of Schuchardt's manner and demeanor, it is not his *general* manner and demeanor that has resulted in this disciplinary matter. Rather, it is his previous incivility and misconduct in the Bankruptcy Court for the Eastern District of Tennessee that brings him before this Court. As discussed *supra*, Schuchardt had the opportunity to request a hearing on the matter and did not do so. Further, the record already contains sworn testimony on the matter from many of the witnesses Schuchardt hopes would testify. Given the fullness of the record and the untimeliness of the request, the Court finds that a hearing is unnecessary. Schuchardt's motions for oral argument and a hearing, having been waived as discussed *supra*, will be denied.

## VII.    Disposition of Unprofessional Conduct

Having addressed the R&R and the motions before the Court, the Court turns to the disposition of this case, first addressing Schuchardt's misconduct and then addressing the appropriate sanction.

### A. Findings

**1. Schuchardt accused Judge Bauknight of engaging in *ex parte* communications in violation of Tennessee Rule of Professional Conduct 8.2(a)(1).**

On August 3, 2017, Judge Bauknight held a hearing regarding Schuchardt's fees in six cases, including the primary case in question, *In re Jennifer Nicole Roberts*, No. 3:17-bk-31543. As the R&R outlined, in open court, following Judge Bauknight's reduction of his fees, Schuchardt accused Judge Bauknight of having *ex parte* communications with Chapter 13 Trustee Gwendolyn Kerney. Judge Bauknight ordered Schuchardt to file an affidavit under penalty of perjury to that effect. Schuchardt filed such an affidavit repeating the accusation on August 7, 2017. In the hearing on the accusation on August 10, 2017, Schuchardt again repeated the accusation. Schuchardt has repeated the accusation in multiple court filings, not including this matter. *See, e.g.*, *In re Jason A. & Linda C. Edington*, No. 3:18-bk-30299, Memorandum of Law in Support of Motion to Disqualify the Honorable Suzanne Bauknight (Bankr. E.D. Tenn. May 28, 2018); *In re Tressa L. Webb*, No. 3:18-cv-245, Appellant's Brief (E.D. Tenn. Aug. 17, 2018); *In re Edington*, No. 3:18-bk-30299, Memorandum of Law in Support of Motion to Withdraw the Reference (Bankr. E.D. Tenn. May 30, 2018). In his response to this Court's show cause order and his objections to the R&R, Schuchardt repeated the accusation. [D. 9, 18].[9]

In Tennessee, a statement "that is made with reckless disregard as to its truth or falsity concerning the qualifications or integrity of . . . a judge" is measured by an objective, "reasonable attorney" standard. *See Parrish*, 556 S.W.3d at 166 ("We hold that the objective "reasonable attorney" standard is the appropriate standard to apply in a disciplinary proceeding involving an

---

[9] Given that these proceedings pertain to Schuchardt's prior conduct, the Court did not include these accusations in finding that a violation of the Tennessee Rules of Professional Conduct occurred. However, the Court notes that these instances demonstrate Schuchardt's lack of contrition, which is relevant in establishing the appropriate discipline.

attorney's in-court speech.").  The question is "what the reasonable attorney, considered in light of all his professional functions, would do in the same or similar circumstances . . . , focus[ing] on whether the attorney had a reasonable factual basis for making the statements [and] considering their nature and the context in which they were made." *Id.* (citing *Disciplinary Counsel v. Gardner*, 793 N.E.2d 425, 431 (Ohio 2003)).  "It is the reasonableness of the belief, not the state of mind of the attorney, that is determinative." *Id.* (citing *Matter of Holtzman*, 577 N.E.2d 30, 34 (N.Y. 1991)).

Here, the basis for Schuchardt's repeated accusation is that he was told of possible improper *ex parte* communications by either Kevin Chern or Maurice Guinn, who was told by Tiffany DiIorio that U.S. Marshals would be escorting Schuchardt in the courthouse due to a memo, which may or may not have been issued by Judge Bauknight, prompted by Gwendolyn Kerney's inferred *ex parte* communication to Judge Bauknight that Schuchardt had intimidated her after a hearing.  When testifying under oath during a hearing on Schuchardt's accusation, Guinn testified that he did not believe that he told Schuchardt that the court had been involved in any U.S. Marshal escort.  No objectively reasonable attorney would accuse Judge Bauknight of *ex parte* communications on this basis.  The Court finds that in each specific instance that Schuchardt made this accusation, other than the filings in this matter, Schuchardt violated Tennessee Rule of Professional Conduct 8.2(a)(1).

### 2. Schuchardt represented parties appearing before the Bankruptcy Court for the Eastern District of Tennessee in violation of the Agreed Order dated February 9, 2018, Tennessee Rules of Professional Conduct 3.3 and 8.4(c), and Federal Rule of Bankruptcy Procedure 9011.

The February 9, 2018 Agreed Order, which Schuchardt signed, placed a moratorium on his representation of clients before the Knoxville Division of the Bankruptcy Court for the Eastern District of Tennessee for a period of six months.  During those six months, Schuchardt

acknowledges that he, without compensation, completed bankruptcy paperwork in the case *In re Tressa L. Webb*, No. 3:18-bk-31418, and assisted Jason Eddington with preparation of a reaffirmation agreement in the case *In re Jason A. & Linda C. Edington*, No. 3:18-bk-30299. In doing so, he violated the moratorium set forth in the Agreed Order and did not refer the parties to other attorneys as required. Further, Schuchardt completed the paperwork without disclosing his involvement in an attempt to circumvent the Agreed Order. Further still, Schuchardt completed or permitted the completion of sections of the Edington's reaffirmation forms that indicated that they were not represented in the negotiation of the reaffirmation agreements. Even further still, Schuchardt failed to refer Ms. Webb or the Edingtons to other attorneys as the Agreed Order directed.

The Court finds that Schuchardt's admitted conduct in *In re Tressa L. Webb*, No. 3:18-bk-31418, and *In re Jason A. & Linda C. Edington*, No. 3:18-bk-30299, violated the Agreed Order, Bankruptcy Rule 9011(a), and Schuchardt's ethical duty to avoid conduct involving dishonesty, fraud, deceit, or misrepresentation and obligation of candor toward the tribunal. *See In re Sandra G. Brown*, No. 3:17-bk-30221, Agreed Order Resolving the Order to Show Cause Dated January 9, 2018 (Bankr. E.D. Tenn. Feb. 9, 2019); FED. R. BANKR. P. 9011; TENN. SUP. CT. R. 8, RPC 3.3, 8.4(c); *see, e.g.*, *In re Rose*, 314 B.R. 663, 706 (Bankr. E.D. Tenn. 2004); *In re Smith*, Nos. 12-11603, 12-11857, 2014 WL 1092059 (Bankr. E.D. Tenn. Jan. 20, 2013).

### 3. Schuchardt intentionally and deceptively filed an incomplete Chapter 13 plan in *Dupree.* in violation of Federal Rule of Bankruptcy Procedure 9011(b)(2) and Tennessee Rules of Professional Conduct 3.1 and 8.4(c).

In a November 15, 2017 hearing regarding the case *In re Perry L. Dupree*, No. 3:17-bk-32158, Schuchardt stated to the Court that he intentionally omitted a car payment in the original Chapter 13 plan to see if Trustee Kerney would "catch the issue." This means that Schuchardt

intentionally proposed a Chapter 13 plan that failed to commit all of the debtor's disposable income as required by 11 U.S.C. § 1325(b)(1)(B).

The Court finds that this conduct violated Federal Rule of Bankruptcy Procedure 9011(b)(2) and Tennessee Rules of Professional Conduct 3.1 and 8.4(c).

### 4. Schuchardt engaged in a pattern of neglectful behavior that violates Tennessee Rules of Professional Conduct 3.1 and 3.2 and Local Rule 83.3(a).

Schuchardt also engaged in several repeated practices that, if isolated, may not constitute an ethical violation, but demonstrate a pattern of behavior that calls his competency into question.

First, Schuchardt repeatedly missed court hearings. For example, in the case *In re Sandra G. Brown*, No. 3:17-bk-30221, Schuchardt failed to appear at an August 24, 2017 hearing on a Chapter 7 Trustee's motion for turnover. Schuchardt had been notified of non-exempt funds that had not been turned over on June 11, 2017, but took no action to amend the Debtor's schedules or turnover funds until an agreed order was filed on the eve of the hearing. This was more than nine weeks after Schuchardt was made aware of the issue and only after the Trustee was forced to file a motion for turnover. The hearing was not cancelled, yet Mr. Schuchardt did not appear. Likewise, in the case *In re Melissa Madden*, No. 3:17-bk-32815, Schuchardt failed to appear at a December 7, 2017 hearing regarding a Chapter 7 Trustee's objection to the Debtor's exemptions. Schuchardt had been informed on October 19, 2017 that the Debtor was not entitled to claims under the Tennessee exemption statute, but took no action to amend the Debtor's claims until two days prior to the hearing. This was more than six weeks after Schuchardt was made aware of the issue and only after the Trustee was forced to file an objection. The hearing was not cancelled, yet Mr. Schuchardt did not appear.

Second, Schuchardt repeatedly failed to act in a timely fashion. In addition to the aforementioned cases, in the cases *In re Heather D. Kirkland*, No. 3:17-bk-31678, and *In re Roy Taylor*, No. 3:17-bk-31918, Schuchardt announced at the creditors meeting on August 23, 2017 that the Debtors did not wish to proceed with their cases. Rather than voluntarily dismissing the case, Schuchardt waited until the Chapter 13 Trustee objected to the confirmation and a hearing was held on the objection on September 6, 2017.

The Court finds that these repeated actions violate Tennessee Rules of Professional Conduct 3.1 and 3.2 and Local Rule 83.3(a).

### 5. Conclusion of Findings

On the basis of these findings, the Court has determined that sanctions are necessary in this case. However, the Court notes that, as discussed *supra*, there is not proof by clear and convincing evidence that other allegations rose to the level of an ethical violation and disregards these allegations for the purposes of determining the proper sanction.

### B. Sanctions

Having concluded that Schuchardt has acted in an unprofessional and unethical manner in violation of the Tennessee Rules of Professional Conduce, the Federal Rules of Bankruptcy Procedure, and the Local Rules of the Eastern District of Tennessee, the Court must determine the appropriate disposition of this matter.

To determine the appropriate discipline, this Court "considers the nature of the misconduct, Respondent's mental state or intent, the actual or potential injury caused by Respondent's misconduct, and the existence of aggravating and mitigating circumstances." *In re Bell*, 713 F. Supp. 2d 717, 722 (E.D. Tenn. 2010). Likewise, the Court considers Schuchardt's misconduct and post-conduct actions, comparing these to other attorneys subjected to discipline by this Court. *Id.*

### 1. Mitigating and Aggravating Factors

Schuchardt appears to have practiced law for twenty-eight years without client complaints or investigation by any Board of Professional Responsibility, apart from these circumstances. This is certainly a mitigating factor.

However, Schuchardt's "substantial experience in the practice of law is an aggravating factor because it indicates he should be well aware of applicable expectations and standards." *In re Cowan*, 620 F. Supp. 2d at 872.

Prior to the process, Judge Bauknight patiently provided progressive discipline for Schuchardt's infractions, but Schuchardt continued in his misconduct undeterred. "It is rare for a judge to issue such a reprimand to a lawyer and for an attorney to receive one. Most attorneys would have made sure they rectified the deficiencies that concerned the judge." *In re Moncier*, 550 F. Supp. 2d at 808. However, Schuchardt did not heed these warnings, which is an aggravating factor.

Throughout this process, Schuchardt has persisted in his self-justification, demonstrated no contrition, and recklessly repeated his accusations against Judge Bauknight. Schuchardt's "lack of remorse weighs heavily against him in this proceeding." *In re Cowan*, 620 F. Supp. 2d at 872. "This compels the Court to conclude Respondent will repeat the offensive behavior before judges of this court in the future." *In re Moncier*, 550 F. Supp. 2d at 809. This is an aggravating factor.

### 2. Nature of the Misconduct, Schuchardt's Mental State, and Actual and Potential Injury

Schuchardt's misconduct is particularly troubling to the Court because it involves unrelenting defiance and disrespect for the courts to which he is supposed to be an officer. Sadly, this is not the first time in the Eastern District of Tennessee that an attorney, when faced with clear evidence of his misconduct, responds, "I have done everything that the law provides that I am

permitted to do." *In re Moncier*, 550 F. Supp. 2d at 811. Then, as now, such a statement "speaks volumes about Respondent's failure to understand and have insight into his own actions." *Id.*

Schuchardt's defiance and contempt is not reserved merely for Judge Bauknight. Rather than diligently adhering to the clear procedures set forth in Local Rule 83.7 in his defense, Schuchardt neglects the process and cries foul when faced with the consequences of his carelessness. Rather than reasonably defending the merits of the allegations against him, Schuchardt attacks the whole attorney-discipline process and engages in saber-rattling against Judge Guyton and this Court.

Likewise, Schuchardt's actions have come at great cost to the courts of the Eastern District of Tennessee. Judicial resources have been directed towards addressing Schuchardt's repeated misconduct. Clients have faced uncertainty, setbacks, and delays in their cases due to Schuchardt's conduct and ensuing failure to comply with court directives. Beyond the financial and temporal costs, Schuchardt's actions, particularly his reckless accusations against Judge Bauknight, have challenged the integrity and nobility of the court as an institution. Zealous advocacy never warrants "the use of disrespectful, unprofessional or indecorous language to the court." *Id.* at 807 (quoting *Conklin v. Warrington Twp.*, No. CIV.A1:05-CV-1707, 2006 WL 2246415, at *1 (M.D. Pa. Aug. 4, 2006)).

This is because "[t]he 'law' is given corporeal existence in the form of the judge. When carrying out the judicial function, the judge becomes a personification of justice itself." *Commonwealth v. Rubright*, 414 A.2d 106, 110 (Pa. 1980). Consequently, "[w]hen presiding over any aspect of the judicial process, the judge is not merely another person in the courtroom, subject to affront and insult by lawyers." *Id.* "The judge is the court, and a display of insolence and

disrespect to [her] is an insult to the majesty of the law itself." *In re Moncier*, 550 F. Supp. 2d at 807 (quoting *Rubright*, 414 A.2d at 110)).

In short, Schuchardt's misconduct is an affront to our judicial system and the Eastern District of Tennessee and he is unapologetic.

### 3. Guiding Considerations

Lastly, in imposing discipline here, the Court considers several guiding considerations, including:

> the need to protect the public; the need to protect the integrity and standards of the court and the bar of the Eastern District of Tennessee; the need to correct the unethical and unprofessional behavior of Respondent; and the need to deter other members of the bar of this court from similar unethical and unprofessional conduct.

*In re Moncier*, 550 F. Supp. 2d at 810. Amidst these guiding considerations, the Court compares Schuchardt's conduct to "that of other attorneys who have been subjected to discipline by this Court." *In re Justice*, No. 1:11-MC-3, 2012 WL 2374677, at *30 (E.D. Tenn. June 22, 2012).

In *In re Moncier*, the Respondent was suspended for seven years due to his failure to obey a direct court order and other misconduct, including a history of misconduct before courts of the Eastern District of Tennessee. 550 F. Supp. 2d 768 (E.D. Tenn. 2008). Then, as here, the Respondent was unapologetic. In *In re Bell*, the Respondent was publicly admonished for making misrepresentations to the Court and directed to give ethics and civility lectures. 713 F. Supp. 2d 717 (E.D. Tenn. 2010). In *In re Cowan*, the Respondent was suspended for six months for misrepresenting his fees to clients and failing to file bankruptcy cases in a timely manner. That Respondent's actions were unintentional, but he was not remorseful. 620 F. Supp. 2d 867 (E.D. Tenn. 2009). In *In re Anderson*, the Respondent was suspended for five years for several

violations, including transgressions of Tennessee Rule of Professional Conduct 8.4(c). No. 1:09-mc-1, Order [D.7] (E.D. Tenn. Dec. 4, 2006).

Here, amidst the constellation of these comparative cases, Schuchardt's conduct demonstrates greater culpability than Bell and Cowan. However, Schuchardt's conduct has not risen to the level of Moncier and Anderson in scope or persistence. Nevertheless, the Court notes that "where a court has already stepped in, via a direct order, to protect the professional standards of the District, an attorney's disregard of that order is among the most egregious of ethical violations." *In re Cowan*, 620 F. Supp. 2d at 873.

## VIII.   Conclusion

The Court finds that Schuchardt has engaged in unprofessional and unethical conduct and violated the Tennessee Rules of Professional Conduct. For his in-court accusations against Judge Bauknight with reckless disregard as to the truth or falsity of the accusation, the Court deems it in the public interest to publicly reprimand Schuchardt. His conduct has fallen below that required of members of the bar of the Eastern District of Tennessee. Therefore, the Court **REPRIMANDS** Schuchardt. For his reckless accusations against Judge Bauknight, his violation of the Agreed Order dated February 9, 2018, and his pattern of incompetence below the expectations of the Tennessee Rules of Professional Conduct and this Court, the Court **ORDERS** that Elliott J. Schuchardt be **SUSPENDED**[10] from the bar of the Eastern District of Tennessee for a period of two years commencing on December 10, 2019.

At the expiration of one year, Schuchardt may apply to this Court for early reinstatement. Such an application must include:

---

[10] For further clarity regarding the scope of this suspension, Schuchardt is referred to *In re Moncier*, 569 F. Supp. 2d at 730–36.

(a) Evidence by clear and convincing proof that Respondent has taken significant and meaningful steps to bring his practice and behavior in court up to the standards of ethics, civility, professionalism, and respect for the institutional role of the court that complies with the expectations and standards of members of the bar of the Eastern District of Tennessee;

(b) A copy of a letter of apology addressed to Judge Bauknight wherein Respondent admits his wrongful, unethical, and unprofessional conduct, makes an apology for the conduct, and makes a commitment he will not engage in such wrongful, unethical, and unprofessional conduct in the future. The sincerity of Respondent as expressed in this letter will have a bearing on whether the court determines Respondent has attained the fitness necessary for him to be reinstated;

(c) A certification that he has not been accused of any other unethical or unprofessional conduct of any type and by any attorney, client, body, board, judge, or entity;

(d) A certification that no official body or judge or court has taken action of any type against him for any unethical or unprofessional conduct of any type;

(e) A commitment to the Chief Judge that he understands, appreciates, and accepts the necessity of civility and professionalism in the practice of law by all attorneys admitted to practice in this district and that he has adopted these required principles into his practice and will conduct himself at all times with civility and professionalism.

Should Schuchardt be approved for early reinstatement, Schuchardt shall be placed on probationary status until the original term of suspension is complete. While on probationary status, Schuchardt will be expected to complete additional training in legal education and professionalism. Schuchardt is referred to Local Rule 83.7(l) for further direction regarding reinstatement.

In light of the foregoing, Schuchardt's objections to the R&R [D. 18] are **OVERRULED**. After careful review of the record, the Court agrees with the R&R [D.14] and hereby **ADOPTS** it. Schuchardt's motion to vacate prior sanctions [D. 11] is **DENIED**. Schuchardt's motion to unseal

the case is **GRANTED**.  Schuchardt's motions for oral argument [D. 20] and a hearing [D. 21] are

**DENIED** as untimely.

       **IT IS SO ORDERED.**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**